UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JFE STEEL CORPORATION, | ) | |
| | ) | Case No. 1:06-CV-2386 |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| v. | ) | |
| | ) | |
| ICI AMERICAS, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court are defendant ICI America Inc.'s ("ICIA") motion to transfer venue to the United States District Court for the District of Delaware [Doc. 20] and defendant Imperial Chemical Industries's ("ICI") motion to dismiss for lack of personal jurisdiction [Doc. 24].

For the following reasons, the court grants ICIA's motion to transfer venue. Additionally, the court reserves judgment on ICI"s motion to dismiss for lack of personal jurisdiction and transfers JFE Steel Coproration's ("JFE") claims against ICI to the United States District Court for the District of Delaware.

## I.    BACKGROUND

JFE filed a thirteen-count complaint; all but two of the counts are against ICIA. [Amended Complaint, Doc. 16]. JFE's amended complaint alleges that ICIA is liable for CERCLA violations, breach of contract claims, a private nusance claim, a trespass claim, and two claims under California's Heath and Safety Code. JFE alleges that ICI is liable for breach of contract.

## II.    DISCUSSION

## A.    ICIA's Motion to Transfer Venue

ICIA filed a motion to transfer venue to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) [Doc. 20].[1]  JFE filed a response in opposition [Doc. 29] and ICIA filed a reply in support of its motion [Doc. 36].

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is uncontested that venue is proper in this district as to ICIA.  Yet, even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F. 3d 531, 537 (6th Cir. 2002) (noting that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness").

First, § 1404(a) requires that this case could "have been brought" in the District of Delaware. A transferee court may receive a case if (1) it has subject matter jurisdiction; (2) venue is proper; and (3) the defendant is amenable to process.  *DeMoss v. First Artists Productions Co. Ltd.*, 571 F. Supp. 409, 413 (N.D. Ohio 1983).   There is no question that the District of Delaware satisfies each test. JFE could have brought this case against ICIA (and ICI) in the District of Delaware because ICIA is incorporated in Delaware and both ICIA and ICI submitted to the "jurisdiction of the Courts of the

---

[1] ICIA initially moved for transfer of venue under both 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a); however, ICIA's reply brief stated that it was "no longer moving to transfer the case to Delaware pursuant to 28 U.S.C. § 1406(a)." [Doc. 36, page 8].

State of  Delaware."[2]

Next, the court must determine if transfer is proper for the convenience of the parties, or is otherwise in the interest of justice.  The court must balance several case-specific factors, including both the private interests of the parties as well as public interest concerns.  *Stewart Org., Inc. v. Richoh Corp.*, 487 U.S. 22, 29 (1988).  Ordinarily, the plaintiff's choice of forum is given considerable weight or deference in balancing various factors for and against transfer.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981).  However, where the chosen forum has no relation to the parties, cause of action, or location of evidence (including witnesses), plaintiff's choice becomes just one of the many factors to be weighed equally with other relevant factors.  *See Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (noting that plaintiff's choice of forum is not an explicit factor set forth in § 1404 and finding that, while "it is to be awarded some weight, it is not of paramount importance"); *see also DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 413 (N.D. Ohio 1983) (finding that plaintiff's choice of forum is "one factor to be weighed equally with other relevant factors" and that plaintiff's choice "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff" and also finding "no justification for denying a transfer solely because [the plaintiff] has chosen to sue here") (citations omitted).  Where plaintiff's choice of forum bears no relationship to the case, too much deference or weight given to that choice creates an unnecessary risk of forum shopping.

Another factor to consider in cases involving choice-of-law provisions is "the familiarity of the trial judge with the applicable state law." *North Am. Demolition Co. v. FMC, Corp.*, No. 5:05-cv-0104, 2005 WL 1126747, at *2 (N.D. Ohio Apr. 28, 2005).  The public interest concerns "include

---

[2] 1991 Framework Agreement [Doc. 20, Exhibit B, page 12].

the issues of congested dockets, concerns with resolving controversies locally, and . . . having the trial in a forum that is at home with the state law that must govern the case." *Premcor Refining Group, Inc. v. Born, Inc.*, No. 3:04-CV-7717, 2006 U.S. Dist. LEXIS 935. at *5-6 (N.D. Ohio Jan. 12, 2006).  There is a clear advantage in having a district court apply the law of the state in which it sits.

Here, Ohio has no connection to this case whatsoever.  The thirteen-count complaint involves three CERCLA claims involving property located in California,[3] three breach of contract claims governed by Delaware law,[4] a California private nusance claim,[5] a continuing trespass claim involving California property,[6] a contribution or indemnity claim under California law,[7] and declaratory relief under California law.[8]  The property at issue is in California.  The relief sought is under federal law, California law, and Delaware law.  The only witness identified in this case so far is from Delaware.[9]  ICIA is incorporated in Delaware with its principle place of business in New Jersey.  JFE is a Japanese corporation with its principle place of business in Tokyo, Japan.  ICI is a

---

[3] Counts 1 and 2 are for cost recovery under CERCLA against ICIA for property around and under 1831 Carnegie Avenue, Santa Ana, California; Count 3 is for declaratory relief under CERCLA against ICIA for the same California property [Doc. 16].

[4] Counts 4, 5, and 6 are Breach of Contract claims.  Each of the contracts at issue contains the following language indicating that the "agreement[s] shall be governed by and construed in accordance with the laws of the State of Delaware" [Doc. 20, Exhibit A, at 45; Exhibit B, at 12; Exhibit C, at 11].

[5] Count 7 claims ICIA's actions involving the California property "constitute a continuing nuisance within the meaning for § 3479 of the California Civil Code." [Doc. 16].

[6] Count 8. [Doc. 16].

[7] Count 9 is "seeks contribution and/or indemnity . . . under California Health and Safety Code § 25363. . ." [Doc. 16].

[8] Count 10 seeks declaratory relief under California Health and Safety Code § 25363 [Doc. 16].

[9] ICIA's Reply in Support of its Motion to Transfer [Doc. 36, Exhibit A].

-4-

British corporation.   Plaintiff's choice of forum, and that fact alone, brings this case to the Northern District of Ohio.

With only JFE's choice of forum to support its argument against transfer, the scales are easily tipped in favor of transfer.  First, this court, while able to interpret Delaware law, is least familiar with the law to be applied to a significant part of the case.  *See Kirch v. Pulmonary Data Services, Inc.*, No. 3:05-CV-7338, 2006 U.S. Dist. LEXIS 10768, at *6 (N.D. Ohio Mar. 15, 2006) (finding that the parties' "choice-of-law provision mandates that Colorado law governs this dispute, this factor weighs slightly in favor of transfer").  Counts 4, 5, and 6 are breach of contract claims involving Delaware law.  This factor alone is sufficient to outweigh JFE's choice of forum where Ohio has no relation to this case.

JFE argues that transfer under § 1404(a) is not warranted because the 1991 Framework Agreement does not contain a mandatory, exclusive forum-selection clause, and that convenience and the interests of justice do not weigh in favor of transfer. [Doc. 29].  JFE states that:

> *One* of the factors that should be considered in the 1404(a) analysis is a forum-selection clause.  ICIA's *only* serious argument depends on the Service of Process clause and its purported exclusive forum-selection clause provisions.  As discussed above, the Service of Process Clause does not mandate a forum for an action relating to the Framework Agreement, let alone the Asset Purchase Agreement, and as such, ICIA has utterly failed to meet its burden of showing that convenience and justice warrant transfer.

(emphasis original) JFE's Memorandum in Opposition [Doc. 29, page 15].

Indeed, the court agrees with many of JFE's claims: that the Service of Process clause in the Framework Agreement is one factor to be considered in the 1404(a) analysis;[10] that the Service of

---

[10] Section 8.02 of the Framework Agreement Provides: <u>Service of Process</u>.  The Sellers and the Purchasers hereby must submit solely for the purposes of and in connection with this Agreement to the jurisdiction of the Courts of the State of Delaware and for such purpose ICI, ICIJ and ICIG irrevocably appoint the Company Secretary of ICIA, and KSC irrevocably appoints the Company Secretary of the

Process Clause does not *mandate* a forum for an action relating to the Framework Agreement; and that a *permissive* forum, as opposed to a mandatory forum, is given little weight in balancing the decision to transfer to the permissive forum.  However, just as the permissive forum clause does not strongly weigh in favor of transfer, it also does not weigh strongly (or provide any weight at all) against transfer.  If anything, the permissive forum indicates the parties' intent and a forum (perhaps among others) where the parties voluntarily submit to jurisdiction.  In the interest of convenience and fairness, this must be afforded some weight.  *See Exceptional Innovations, LLC v. Kontron America, Inc.*, No. 2:07-CV-724, 2007 U.S. Dist. LEXIS 76320, at *10 (N.D. Ohio Oct. 11, 2007) (finding that regardless of "[w]hether exclusive or permissive, the clause therefore remains a significant statement of forum agreement, included by the parties in the contract in question.  As such it should be given appropriate consideration along with other 'case-specific factors'").  This is important where, as here, the parties are international corporations with dealings in numerous fora.  Ultimately,  the permissive forum-selection clause in the Framework Agreement leans in favor of transfer, but does not weigh heavily in the court's decision.

JFE's only reason for denying transfer is because they chose to file their case here.  While plaintiff's choice is normally afforded deference, this fact alone can not justify a denial of ICIA's motion to transfer where the case has no relation to Ohio.  The case-specific facts, properly weighed, tip the scales in favor of transfer.

**B.      ICI's Motion to Dismiss for Lack of Personal Jurisdiction**

ICI filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of

---

Purchasers, as their respective agents to accept service of process at their respective registered offices for purposes of this Agreement.

Civil Procedure 12(b)(2) [Doc. 24]. JFE filed is Memorandum in Opposition [Doc. 30] and ICI filed its Reply in Support [Doc. 37]. Because JFE's two claims against ICI arise from the same set of operative facts as the claims against ICIA and jurisdiction exists over both ICIA and ICI in the District of Delaware, this court finds that the issues and claims should be resolved together in the interest of judicial economy and in the interest of justice.[11] *See White Mop Wringer Co. Of Canada v. BT Capital Partners, Inc.*, No. 95-CV-565(RSP/DS), 1997 WL 222380, at *2 (N.D.N.Y. Apr. 29, 1997) (finding that "because jurisdiction exists over all defendants in the [transferee court], severance is not appropriate at this time"). Therefore, the resolution of this motion is ultimately not dispositive of the final outcome and therefore the court reserves judgment on the question of personal jurisdiction.

### III.    CONCLUSION

For the above reasons, the Motion to Transfer [Doc. 20] is granted. The court reserves judgment on ICI's Motion to Dismiss [Doc. 24] because the claims against ICI are also transferred. Accordingly, the court directs the Clerk of Court to transfer the instant case to the United States District Court for the District of Delaware.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: September 30, 2008**

---

[11] The two claims against ICI are Count 6 for breach of the 1991 Framework Agreement and Count 13 for declaratory judgment in relation to the 1991 Framework Agreement. Counts 4, 5, and 6 are breach of contract claims for three individual, but interrelated, contracts; therefore the resolution of one contract claim in isolation of the other two contract claims would not serve the interests of justice.

-7-